1  DAVID M. McLAUGHLIN (SBN 131973)
   DANIEL E. GAITAN (SBN 326413)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 500
3  Redwood City, CA  94063-2052
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701
   Email:        david.mclaughlin@rmkb.com
5                daniel.gaitan@ropers.com

6  Attorneys for Defendant
   HOMESTEAD INN, LLC, a California Limited
7  Liability Company

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11

12  PETER STROJNIK (SR.),                    CASE NO.  5:19-cv-04619 VKD

13              Plaintiff,                   **DEFENDANT HOMESTEAD INN, LLC'S
                                             NOTICE OF MOTION AND MOTION TO
14  v.                                       DISMISS COMPLAINT; MEMORANDUM
                                             OF POINTS AND AUTHORITIES IN
15  HOMESTEAD INN LLC dba THE                SUPPORT THEREOF**
    HOMESTEAD HOTEL ROOMS &
16  COTTAGES,                                **Pursuant to Fed. R. Civ. P. 12(b)(1)**

17              Defendant.                   Date:     April 21, 2020
                                             Time:     10:00 a.m.
18                                           Judge:    Mag. Virginia K. DeMarchi

19

20       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21            NOTICE IS HEREBY GIVEN that, on April 21, 2020, at 10:00 a.m., or as soon thereafter

22  as the motion may be heard by Magistrate Judge Virginia K. DeMarchi, in Courtroom 2, 5th

23  Floor, of the United States District Court for the Northern District of California, located at 280

24  South First Street, San Jose, CA.  Defendant Homestead Inn, LLC, a California Limited Liability

25  Company, will move to dismiss Plaintiff Peter Strojnik Sr.'s Complaint.

26            This Motion is brought under Fed. R. Civ. P. 12(b)(1) on the grounds that the allegations

27  in the Complaint fail to establish subject matter jurisdiction.  This Motion is based upon the

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

following Memorandum of Points and Authorities, the pleadings on file, and the accompanying

Request for Judicial Notice and its exhibits.  A Proposed Order has also been lodged with the

Court.

Dated:        March 13, 2020                    ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ David M. McLaughlin*

DAVID M. McLAUGHLIN
DANIEL E. GAITAN
Attorneys for Defendant
HOMESTEAD INN, LLC,  a California
Limited Liability Company

4829-2949-6759.1

NOTICE OF MOTION AND MOTION TO DISMISS
5:19-CV-04619 VKD

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    STATEMENT OF FACTS AND ALLEGATIONS ......................................................... 4

4    II.   ARGUMENT ........................................................................................................... 6

5          A.    Homestead May Challenge Subject Matter Jurisdiction Under Federal Rule
                 of Civil Procedure Rule 12(b)(1). .............................................................. 6

6                1.    Plaintiff Lacks Standing to Sue for Violation of the ADA. ................ 7

7                      a.    Plaintiff Cannot Show an Injury in Fact ............................... 7

8                            (1)    Plaintiff Does Not Identify Any Barriers ................... 8

                             (2)    Plaintiff Did Not Utilize Homestead's Reservation
9                                   Service ......................................................................... 8

10                     b.    Plaintiff Does Not Have An Intent To Return ........................ 10

                             (1)    Plaintiff's Residence is about 694 Miles from
11                                  Homestead .................................................................. 10

12                           (2)    Plaintiff has Never Patronized Homestead's
                                    Business Before ........................................................... 11

13                           (3)    Plaintiff has Not Alleged Any Definite Plan to
                                    Return to Homestead's Property. ................................ 11

14                           (4)    Plaintiff's Frequency of Travel Near Defendant's
                                    Property. ..................................................................... 12

15               2.    Plaintiff Cannot Show He was Genuinely Deterred from Visiting to
                       the Homestead Property. ................................................................... 13

16               3.    Plaintiff's Unruh Act and DPA Claims Must Be Dismissed as Well. ...... 14

17               4.    Plaintiff's Negligence Claim Should Also Be Dismissed. ...................... 16

     III.  CONCLUSION ........................................................................................................ 16

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

## <u>TABLE OF AUTHORITIES</u>

c    **Page(s)**

**Cases**

*Angelucci v. Century Supper Club,*
   41 Cal.4th 160 (2007) .........................................................................................19

*Bernhardt v. County of Los Angeles,*
   279 F. 3d 862 ......................................................................................................11

*Brooke v. H.P. Hospitality,*
   LLC, 2017 U.S. Dist. LEXIS 214372 ........................................................11, 15, 19

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
   631 F.3d 939 (9th Cir. 2011).....................................................................11, 14, 17

*Civil Rights Educ. & Enforcement Ctr., v. Hosp. Properties Trust (CREEC),*
   867 F.3d 1093 (9th Cir. 2017).................................................................................15

*Doran v. 7-Eleven, Inc.,*
   524 F. 3d 1034 (9th Cir. 2008)........................................................................11, 17

*Fink v. Gomez,*
   239 F.3d 989 (9th Cir. 2001)..................................................................................20

*First & Mission Properties*
   (No. 5:19-cv-03122-NC)...........................................................................................9

*Jeffrey C. Stone Inc. v. Greenberg Traurig,*
   LLP 467 Fed.Appx. 582 (9th Cir. 2012)...................................................................20

*Johnson v. Overlook At Blue Ravine,*
   LLC, 2012 U.S. Dist. LEXIS 102056 .............................................................. *passim*

*Johnson v. Torres Enters. LP,*
   No. 18-cv-02929-VKD, 2019 U.S. Dist. LEXIS 11124 (N.D. Cal. Jan. 22,
   2019) .........................................................................................................10, 19, 20

*Keum v. Virgin Am. Inc.,*
   781 F.Supp.2d 944 (N.D. Cal. 2011) ......................................................................20

*Kokkonen v. Guardian Life Ins.,*
   511 U.S. 375 (1994)................................................................................................10

*Lema v. Comfort Inn, Merced,*
   2012 U.S. Dist. LEXIS 42170 (E.D. Cal. Mar. 27, 2012) ...........................11, 12, 16

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

*Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ........................................................................................................14

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................11, 16

*Luu v. Ramparts, Inc.*,
  926 F. Supp. 2d 1178 (D. Nev. 2013) .....................................................................11, 18

*Mims v. Arrow Fin. Servs.*,
  LLC, 565 U.S. 368 (2012) ...........................................................................................10

*Molski v. Mandarin Touch Rest.*,
  385 F. Supp. 2d 1042 (C.D. Cal. 2005)........................................................................16

*Moore v. Greyhound Bus Lines, Inc.*,
  2018 U.S. Dist. LEXIS 114661 (S.D. Cal. July 10, 2018).........................................19

*Pickern v. Holiday Quality Foods Inc.*,
  293 F.3d 1133 (9th Cir. 2002).......................................................................................17

*Reycraft v. Lee*,
  177 Cal. App.4th 1211 (2009)........................................................................................19

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004)..................................................................................10, 11

*Satey v. JPMorgan Chase & Co.*,
  521 F.3d 1087 (9th Cir. 2008)........................................................................................18

*Surrey v. TrueBeginnings*,
  LLC, 168 Cal.App.4th 414 (2008)................................................................................19

*United States v. FMC Corp.*,
  975 F.2d 1412 (9th Cir. 1992), overruled on other grounds by *United States ex
  rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015)...............10

*Warner v. Tinder Inc.*,
  105 F. Supp. 3d 1083 (C.D. Cal. 2015)........................................................................19

*Warth v. Seldin*,
  422 U.S. 490 (1975)........................................................................................................11

**Statutes**

28 U.S.C. Section 1367(c)(3).............................................................................................18

ADA ............................................................................................................................ *passim*

ADA, California's Unruh Act, and California's Disabled Persons Act............................8

California Disabled Persons Act ..................................................................................18

California Unruh Civil Rights Act ..............................................................................18

Civil Code section 54.1 ..............................................................................................20

DPA ..................................................................................................................18, 19, 20

DPA and the Unruh Act ..............................................................................................19

Unruh Act ....................................................................................................18, 19, 20

**Other Authorities**

Title 28 CFR Section 36.302(e)(1)(i) and (ii) ..........................................................13

F.R.C.P. Rule 4 ............................................................................................................10

Federal Rule of Civil Procedure Rule 12(b)(1) ........................................................10

FRE 201 ........................................................................................................................13

FRE 201(b) ..................................................................................................................13

Rule 12 ........................................................................................................................13

Rule 12(b)(1) ........................................................................................................10, 11

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

I.      **STATEMENT OF FACTS AND ALLEGATIONS**

Defendant Homestead Inn LLC, a California Limited Liability Corporation (Homestead) located at Lincoln St, Carmel-By-The-Sea, California.  Plaintiff Peter Strojnik (Sr.) (Plaintiff) claims to be a disabled veteran who lives in Maricopa County, Arizona. Plaintiff's alleged disabilities are severe right sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate and renal cancer, and degenerative right knee (Compl., ¶3.) Plaintiff indicates that while the pain associated with his disabilities comes and goes (ranging at different levels), it is difficult for him to walk at times. (*Id.,* ¶4.)

Plaintiff alleges that at some unidentified date he intended to visit Carmel area and, therefore, reviewed hotel booking websites documented in Addendum A.  (*Id.* ¶ *15).* Addendum A to Plaintiff's Complaint contains no reference, however, to third party booking websites.  (See, Complaint, Addendum A).  Plaintiff alleges he became aware that the alleged third party booking websites disclosed general availability and a description of Homestead's hotel, again referencing non-existent third party booking websites.  (*Id.,* ¶15-16.)

Plaintiff alleges that these alleged third party booking websites did not provide sufficient information for Plaintiff to determine whether Homestead had the mobility related access features required for his disabilities. (*Id.,* ¶ 17.) Plaintiff also alleges the alleged third party booking sites failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id.,* ¶ 18.) Plaintiff claims thereafter he became aware Homestead's first party booking site failed to identify and describe mobility related accessibility features and guest rooms in enough detail to permit him to assess whether Homestead met his accessibility needs. (*Id.,* ¶ 19) Plaintiff further claims that Homestead's first party booking site also failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id.,* ¶ 20.) Plaintiff also alleges that Homestead's online information disclosed certain architectural barriers to access. (*Id.,* ¶ 22)

Having never actually visited the Homestead property, Plaintiff alleges that Homestead violated the ADA, California's Unruh Act, and California's Disabled Persons Act.  (See, *Id.* ¶ *12, 15)*  Plaintiff additionally alleges that Homestead was negligent and liable for punitive damages.

(See Compl., pages 8-10.)

This is not the first time Plaintiff has brought such allegations. Plaintiff has filed over 85 ADA cases in state and federal courts throughout California (21 specifically in the Northern District) containing similar, often identical allegations, to those made here.[1] (See e.g., Request for Judicial Notice (RJN), Exhs. 7, 8, & 33.) In each case, Plaintiff represents himself. (*Id.*)  Plaintiff used to be an ADA lawyer in the State of Arizona,[2] where he lives. (See RJN, Exhs. 3, 5, 6.) Thereafter filing approximately 1,700 plus ADA claims in seven months, complaints were brought against Plaintiff and a State Bar investigation ensued. (See RJN, Exh. 3 at *4.) The Arizona State Bar reported the following outcome:

> The Presiding Disciplinary Judge of the Arizona Supreme Court accepted a consent to disbarment filed by Peter Strojnik and effective May 10, 2019. Mr. Strojnik had been suspended on an interim basis since July 11, 2018, while the Bar conducted its investigation. Strojnik was assessed $1,263.92 in costs and expenses for the disciplinary proceeding.
>
> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.
>
> Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.
>
> The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration

---

[1] *See e.g.,* dockets and complaints for cases filed by Mr. Strojnik in the Northern District of California at RJN, Exh. 13: *Joie De Vivre* (No. 3:18-cv-06587-JSC); Exh. 14: *Marriott International* (No. 3:18-cv-06586-EDL); Exh. 15: *574 Escuela* (No. 3:18-cv-06777-JD); Exh. 18: *Ensemble Hotel* (No. 5:19-cv-01844-VKD); Exh.19: *Bernardus* (No. 5:19-cv-01875-NC); Exh. 20: *JMA Ventures* (No. 5:19-cv-01876); Exh. 21: *Mirabel Hotel* (No. 5:19-cv-02529-SVK); Exh. 22: *VY Verasa Commercial* (No. 3:19-cv-02556-WHO); Exh. 23 *Hyatt International* (No. 5:19-cv-03006-NC); Exh. 24: *Xenia Hotels* (No. 5:19-cv-03082-NC); Exh. 25: *First & Mission Properties* (No. 5:19-cv-03122-NC); Exh. 26: *Wilson* (No. 3:19-cv-03377-SK); Exh. 27: *Madrona Manor* (No. 3:19-cv-03375-LB); Exh. 28: *Fowler* (No. 3:19-cv-03376-TSH); Exh. 29: *Napa LW Hotel* (No. 3:19-cv-03583-JSC); Exh. 30: *WCH Napa* (No. 4:19-cv-03968-KAW); Exh. 31: *539 Johnson Street* (No. 3:19-cv-03980-JCS); Exh. 32: *Cypress Inn* (No. 3:19-cv-03981-RS).

[2] Mr. Strojnik was suspended from the Arizona State Bar in July 2018, and subsequently disbarred on May 10, 2019. (See RJN, Exhs. 3 & 6.)  .

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

of justice, making illusory claims for attorney fees and monetary damages.
One District Court said his tactics were extortionate. The State Bar alleged
that Strojnik violated Rule 42, Ariz. R. Sup. Ct., ERs 1.2, 1.4, 1.5(a), 1.15(a)
3.1, 3.3(a), 3.4(c), 4.1(a), 4.4(a), 8.1, 8.4(c) and (d), Rules 43 and 54(d),
Ariz. R. Sup. Ct. Strojnik did not contest the allegations and consented to his
disbarment.

(See RJN, Exh. 6.) Following his disbarment in Arizona, Plaintiff began filing his ADA

lawsuits as an in pro per plaintiff. [3]

Plaintiff filed this lawsuit on August 9, 2016. Homestead was served on January 13, 2020,

pursuant to F.R.C.P. Rule 4.  Like all of Plaintiff's complaints, the Complaint in this matter is

fatally flawed in numerous respects and should be dismissed with prejudice.

## II.    ARGUMENT

### A.    Homestead May Challenge Subject Matter Jurisdiction Under Federal Rule of Civil Procedure Rule 12(b)(1).

Federal courts can only adjudicate cases which the Constitution and Congress authorize

them to adjudicate: those involving diversity of citizenship or a federal question, or those to

which the United States is a party. *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 376-77 (2012);

see also Chen-Cheng Wang ex rel. *United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir.

1992) ("Federal courts have no power to consider claims for which they lack subject-matter

jurisdiction."), overruled on other grounds by *United States ex rel. Hartpence v. Kinetic*

*Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). The plaintiff bears the burden of establishing

subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). A

defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule

12(b)(1). *Johnson v. Torres Enters. LP*, No. 18-cv-02929-VKD, 2019 U.S. Dist. LEXIS 11124, at

*3-4 (N.D. Cal. Jan. 22, 2019).

Jurisdictional challenges may be facial or factual. *Safe Air for Everyone v. Meyer*, 373

F.3d 1035, 1039 (9th Cir. 2004). Where facial, the court determines whether the allegations are

---

[3] Plaintiff's son, Peter Kristofer Strojnik (a lawyer in Arizona), is following in his father's footsteps. As of the beginning of 2018, he had filed over 130 ADA in the Northern District in addition to "hundreds of cases filed in the Central, Eastern, and Southern Districts of California." Brooke v. RK Inv. Props., 2018 U.S. Dist. LEXIS 9120, at *4 (N.D. Cal. Jan.19, 2018). In 2018, The State Bar California issued to Plaintiff's son a Public Reproval for reasons similar to those for which his father was disbarred in Arizona

sufficient on their face to invoke federal jurisdiction. *Id.*; see also *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where factual, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute, the court may review evidence beyond the complaint. Id. Although the defendant is the moving party in a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that the case is properly in federal court. *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1180 (D. Nev. 2013).

### 1.      Plaintiff Lacks Standing to Sue for Violation of the ADA.

To invoke federal jurisdiction, a disabled individual claiming discrimination must establish standing to sue under Article III. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). An ADA plaintiff establishes standing by demonstrating an injury-in-fact coupled with an intent to return to a noncompliant facility, or deterrence. *Chapman*, 631 F.3d at 944. This Constitutional prerequisite of standing is so fundamental that federal courts are required to consider these issues *sua sponte*. *Bernhardt v. County of Los Angeles*, 279 F. 3d 862, 868. Three elements must be present for a plaintiff to have standing: (1) the plaintiff must have "suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) an actual or imminent, not conjectural or hypothetical;" (2) there must be a causal connection between the injury and the conduct complained of;" and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  In the context of civil rights statutes, such as the ADA, courts are instructed to take a "broad view" of constitutional standing. *Doran v. 7-Eleven, Inc.*, 524 F. 3d 1034, 1039-40 (9th Cir. 2008).

### a.      Plaintiff Cannot Show an Injury in Fact

Here, under the court's standing formulation, Plaintiff must show that a concrete injury that is traceable to Homestead and can be redressed by a favorable decision. *Chapman*, 631 F.3d at 946. In addition, Plaintiff must demonstrate a "real and immediate threat of repeated injury." *Id*. "To have standing, an ADA plaintiff 'must personally encounter at least some barriers or have personal knowledge of the barriers." *Brooke v. H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *8. Merely alleging that barriers exist is insufficient to show standing. *Lema v.*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

*Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170, at *11 (E.D. Cal. Mar. 27, 2012).

### (1)       Plaintiff Does Not Identify Any Barriers

This District Court has already dismissed another similar complaint by Plaintiff against a different hotel for reasons similar to those argued by Homestead herein. *Strojnik v. IA Lodging Napa First LLC* WL 906722 (N.D. Cal., Feb. 25, 2020). In *Strojnik v. IA Lodging Napa First LLC,* Judge Donna M. Ryu dismissed the action for lack of standing, less than a month ago, analyzing the same factors. *Strojnik v. IA Lodging Napa First LLC* WL 906722 (N.D. Cal., Feb. 25, 2020). The court found that Strojnik's complaint:

> [D]oes not allege that he visited the Hotel, that he encountered any barriers at the Hotel, or that any alleged barriers at the Hotel relate to his disability. He also does not identify how any of the architectural features violate the ADA… Although Strojnik alleges that he "walks with difficulty" and "requires compliant mobility accessible features at places of public accommodation," he does not specify which features of the Hotel are a barrier to him. *Id.*

This District Court found that the generic descriptions in Strojnik's complaint were "too vague to assess whether and how Strojnik was injured by Andaz Napa." *Id.* As demonstrated above, the same issues relate to Strojnik's complaint with Homestead.

Plaintiff has not alleged that he personally encountered any barriers to his access at Homestead's property.  He does not identify how any of the property's architectural features violate the ADA. In fact, Plaintiff does not allege that he has ever been to Homestead. Plaintiff neither visited the Homestead property nor stayed there.  Plaintiff alleged that he "intends to visit" the Homestead property at some point in the future when the Homestead becomes compliant but without knowing whether the property is compliant with the ADA.

 Rather, Plaintiff alleges that his injury arose when he viewed the alleged barriers while online. Plaintiff does not allege that he called Homestead to discuss these barriers or otherwise communicated with Homestead in any way before filing his Complaint. He claims that these unconfirmed barriers made it impossible for him to book a room at Homestead.

### (2)       Plaintiff Did Not Utilize Homestead's Reservation Service

Plaintiff omitted Homestead's Website "Information Request Form" Website page from

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

his Complaint, Addendum A.  The Homestead Website cannot be used to make a reservation. Homestead requires a telephone call to make a room reservation. On a Rule 12 motion in two instances: Judicial notice under FRE 201 and the Incorporation-By-Reference Doctrine may allow a defendant to bring in materials outside the pleadings when assessing the sufficiency of a complaint. *Cohen v. Apple Inc.*, WL 619790 (N.D. Cal., Feb. 10, 2020) (*citing Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). A court may judicially notice a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). "Incorporation-by-reference … is a 'judicially created doctrine that treats certain documents as though they are part of the complaint itself.' Id. at 1002. The doctrine prevents plaintiffs from cherry-picking portions of documents that support their claims, while omitting portions of the same documents that weaken their claims. Ibid."

Thus, the Homestead Website Information Request Form, explicitly states "[t]his is not a Reservation", and "[o]ur front desk staff will contact you in regards to your inquiry between the hours of 7am-10pm." (See RJN, Exh. 34.)  This document goes to the heart of Plaintiff's Complaint and this Court should accept this document to show the insufficiency of Plaintiff's allegations.  Title 28 CFR Section 36.302(e)(1)(i) and (ii) provides that:

> a public accommodation … that operates a place of lodging  ***with respect to reservations made by any means, including telephone,*** in-person, or through a third party … shall …(i) …ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need  accessible rooms; (ii) Identify and describe accessible features in the hotels and guest rooms offered ***through its reservations service*** in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his … accessibility needs; [emphasis added].

Homestead's reservation service requires a telephone call from individuals with or without disabilities. Homestead's Website does not provide any individual with the ability to make a reservation through its Website. Further, there is no "third party website" as Plaintiff alleges. Here, Plaintiff did not call the Homestead property to request a reservation.  Thus, Plaintiff did not encounter any Website based barrier, whether he is disabled or not, because a call is the only

1    method of booking a room reservation with Homestead.

2           The Homestead Website states, "[p]lease note that we do not make or change reservations

3    online or through mail."  (See RJN, Exh. 34.)  A potential guest – whether disabled or not – can

4    complete an "Information Request Form" providing the guest's phone number.  Thereafter, the

5    front desk staff will contact the potential guest in regards to the inquiry.  In such a call, the front

6    desk staff can describe the guest room accessibility features and address the specific accessibility

7    needs of a potential guest.  This room reservation procedure is done in the same manner as for

8    individuals who do or do not need accessible rooms.  The Homestead Website is compliant with

9    Section 36.302.

10          The lack of facts corroborating Plaintiff's injury claim indicates Plaintiff did not suffer a

11   concrete injury. Rather than shopping online for a hotel room, Plaintiff appears to have been

12   shopping for an ADA claim.

13                    **b.      Plaintiff Does Not Have An Intent To Return**

14          Arguendo, even if Plaintiff had adequately pled an injury in fact, it is not enough for

15   standing. He must also demonstrate "a sufficient likelihood that he will again be wronged in a

16   similar way." *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). That is, Plaintiff must establish a

17   "real and immediate threat of repeated injury." Id. at 102 (quoting *O'Shea v. Littleton*, 414 U.S.

18   488, 496 (1974)). In the Ninth Circuit, an ADA plaintiff demonstrates a sufficient likelihood of

19   future harm when he or she alleges an intent to return to a noncompliant place of public

20   accommodation. *Chapman*, 631 F.3d at 948–49 (9th Cir. 2011). Courts look to four factors to

21   determine sufficient intent to return: "(1) the proximity of defendant's business to plaintiff's

22   residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of

23   plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." See *Johnson*

24   *v. Overlook At Blue Ravine*, LLC, 2012 U.S. Dist. LEXIS 102056, at *8 (citing *Lema*, 2012 U.S.

25   Dist. LEXIS 42170 at *5). All of these factors weigh against Plaintiff.

26                    **(1)      Plaintiff's Residence is about 694 Miles from Homestead**

27          In *Blue Ravine*, the Court found that a distance of "approximately fifteen miles" from the

28   plaintiff's residence to the defendant's apartment building weighed only "slightly in favor of the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Plaintiff." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8. Here, Homestead in Carmel-By-The-Sea, California is about 694 miles from Plaintiff's home in Maricopa County, Arizona. This factor strongly favors Defendant.

>    **(2)    Plaintiff has Never Patronized Homestead's Business Before.**

A lack of plaintiff's previous patronage strongly favors the defendant. *H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-*9. In *H.P. Hospitality*, the plaintiff did not allege that she ever visited the defendant's location before suing, but instead learned of the alleged barriers through a phone call and photos. The court found she did not have standing. *H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *10. Similarly, Plaintiff does not allege that he has ever visited Homestead, the Carmel-by-the-Sea area, or Monterey County. Instead, Plaintiff pleads only that he "*intends to visit*" at some undisclosed future time. (Compl. ¶¶ 15, 29. (Emphasis added.) This factor also strongly favors Homestead.

>    **(3)    Plaintiff has Not Alleged Any Definite Plan to Return to Homestead's Property.**

The lack of a concrete and genuine plan to return to the Homestead's property cuts against an intent to return. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *9-11. In *Blue Ravine*, the plaintiff testified that he did not intend to go back to the defendant business until "the action is resolved and the property alterations are complete." Id. at *9. The trial court found this intention insufficient for standing. Id. at *9-10. Along similar lines, in *Civil Rights Educ. & Enforcement Ctr., v. Hosp. Properties Trust (CREEC)*, 867 F.3d 1093 (9th Cir. 2017), the court found, "evidence of concrete travel plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled there in the past. [Citation.] Contrariwise, in the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm." Id. at 1100. [4]

---

[4] Since CREEC, multiple district courts throughout California have required "evidence of concrete travel plans to show that a disabled plaintiff intends to visit a facility in the near future." See, e.g., RK Inv. Props., 2018 U.S. Dist. LEXIS 9120 at *6-*7; Rocca v. Jalidat, Inc., 2017 U.S. Dist. LEXIS 149513, at *7-*8 (C.D. Cal. Sept. 13, 2017). The RK Inv. Props. Court interpreted CREEC as still requiring the classic approach to standing in ADA cases

Several courts have determined that a plaintiff's status as a tester greatly affects his or her statements regarding an intent to return. See, e.g., *Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005). An extensive tester litigation history "undercuts [a plaintiff's] credibility and belies an intent to return to [defendant's property]." *Id.*

Plaintiff has not alleged a concrete plan to visit Homestead's property. Instead, Plaintiff merely indicates that he intends to visit Homestead at a specific time when Homestead becomes fully compliant. (Compl. ¶ 12.) Plaintiff's "some day" intention, is insufficient to show a definite plan to return. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."). Moreover, considering Plaintiff's tester status and his extensive litigation history, the Court should view Plaintiff's allegation regarding his intent to visit Homestead's property with skepticism. This factor strongly favors Homestead.

### (4)   Plaintiff's Frequency of Travel Near Defendant's Property.

Courts will consider a plaintiff's assertion of frequent travel near the defendant's business, such that the plaintiff would inherently be more likely to frequent the business. See *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11; see also *Lema v. Comfort Inn*, Merced, 2012 U.S. Dist. LEXIS 42170 at *12-14. In *Blue Ravine*, the plaintiff provided no allegations or evidence he had "specific ties" to the defendant's property, or any other particular reason to frequent the area. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11. The court therefore found this factor to "strongly favor" the defendant. *Id*. Similarly, here, Plaintiff offers no allegations suggesting that he has or will frequently travel near Homestead's Property. Indeed, Plaintiff does not allege that he has ever visited the area. This factor, therefore, favors Homestead.

The Plaintiff here has not adequately pled an intent to visit Homestead.  Thus, he cannot show an injury in fact and standing to sue under the ADA.

---

regardless of any plaintiff's tester status. RK Inv. Props., 2018 U.S. Dist. LEXIS 9120 at *6-7.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

2. **Plaintiff Cannot Show He was Genuinely Deterred from Visiting to the Homestead Property.**

Showing deterrence is an alternative to proving both injury-in-fact and intent to return. *Chapman*, 631 F.3d. at 949. To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, corroborating facts are necessary. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting Chapman, 631 F.3d at 949). For example, the plaintiff must show some reason why he or she visits the business. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

In *Doran*, the plaintiff sued a 7-Eleven for ADA violations. Concerning deterrence, the plaintiff alleged that he had visited that store on 10-20 previous occasions, he personally encountered barriers there, and those barriers deterred him from future visits. *Doran*, 524 F.3d at 1040. The court found that such allegations were sufficient to show deterrence. *Id*. at 1041. In *Pickern*, the same plaintiff sued a grocery store for ADA violations. The plaintiff alleged defendant's grocery store was near his grandmother's residence and that he wished to shop at the store on days he visited her, which he did once a week. *Pickern*, 293 F.3d at 1138. The plaintiff claimed that the ADA violations deterred future visits. The court found those allegations sufficient as well. *Id.*

Unlike the plaintiff in *Doran* and *Pickern*, here, Plaintiff does not allege that he has ever been to Homestead or that it is near a location he visits often. Plaintiff merely alleges that he was "deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant..." (Compl. ¶ 11.) A similar plaintiff previously tried to demonstrate deterrence by claiming only that alleged "ADA violations deterred plaintiff from returning to the [defendant's business]," but the court found such allegations to be insufficient. *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *12. Plaintiff's deterrence allegations are similarly flawed.

As mention above, this District Court has already dismissed this Plaintiffs almost identical complaint in another case analyzing this 'Deterrence' argument. *Strojnik v. IA Lodging Napa First LLC* WL 906722 (N.D. Cal., Feb. 25, 2020). Under the 'Deterrence' argument in *Strojnik v.*

*IA Lodging Napa First LLC*, this Plaintiff also failed to allege "actual knowledge of barriers related to his disability that deterred him from patronizing the Hotel." *Id.* In that case "the photographs attached to his complaint have generic and vague descriptions that do not explain either why the identified features are not ADA compliant or why they are related to his disability." *Id.* The same is true with the generic and vague descriptions in Plaintiffs Complaint here. Plaintiff does not describe actual knowledge of barriers related to his disability nor does he provide descriptions that identify features that are not ADA compliant. The court in *Strojnik v. IA Lodging Napa First LLC*, found that Strojnik failed to plead facts sufficient to establish Article III standing, and should likewise find the same here. *Id.*

Plaintiff cannot show deterrence. Therefore, he does not have standing to sue under the ADA.

### 3. Plaintiff's Unruh Act and DPA Claims Must Be Dismissed as Well.

In addition to his claim for violation of the ADA, Plaintiff also sues under California state laws that prohibit disparate treatment of disabled persons, including the California Unruh Civil Rights Act (Unruh Act) and the California Disabled Persons Act (DPA). Plaintiff's state law claims fail for several reasons.

First, because this court has only supplemental jurisdiction regarding these claims, if Plaintiff lacks standing to bring his ADA claim, there is no reason for the Court to retain jurisdiction over Plaintiff's state law claims. *Luu*, 926 F. Supp. 2d at 1184. "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. Section 1367(c)(3). In making this decision, courts consider the interests of judicial economy, convenience, fairness, and comity. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (citing *Carnegie—Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

Here, the interests of judicial economy, convenience, fairness, and comity do not support exercising supplemental jurisdiction over Plaintiff's remaining state law claims. Declining supplemental jurisdiction will conserve judicial resources because this litigation is still in its infancy. Declining to exercise supplemental jurisdiction will allow a state court to address

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

standing issues as they pertain to the Unruh Act and the DPA. See *Brooke v. H.P. Hosp., LLC*, No. ED CV 17-0456-DOC (DTBx), 2017 U.S. Dist. LEXIS 214372, at *10-11 (C.D. Cal. July 11, 2017). As in *Johnson v. Torres*, the Unruh Act (and DPA) claim here is based solely on a violation of the ADA; if Plaintiff's ADA claim is moot, his Unruh Act (and DPA) claim is moot. See *Johnson v. Torres Enters*. LP, 2019 U.S. Dist. LEXIS 11124 *10-11.[5]

Second, standing to pursue monetary relief under the DPA and the Unruh Act differs from standing to seek injunctive relief under the ADA. See *Reycraft v. Lee,* 177 Cal. App.4th 1211 (2009); see also *Angelucci v. Century Supper Club*, 41 Cal.4th 160, 175 (2007). Standing under section 54.3 of the DPA is established where a disabled plaintiff can show "*he* or she *actually presented himself or herself* to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion." *Id*. at 1224 (emphasis added). Merely visiting a website is not enough to establish DPA standing. *Surrey v. TrueBeginnings*, LLC, 168 Cal.App.4th 414, 419-20 (2008). A similar standard is required under the Unruh Act:

> We do not dispute the Court of Appeal's admonition that 'a plaintiff cannot sue for discrimination in the abstract, but must actually suffer the discriminatory conduct.' [¶] In general terms, in order to have standing, the plaintiff must be able to allege injury—that is, some 'invasion of the plaintiff's legally protected interests.' [Citations.] ... In essence, an individual plaintiff has standing under the Act if he or she has been the victim of the defendant's discriminatory act. [Citation.] *Angelucci*, 41 Cal.4th at 175-176.

Third, Plaintiff lacks standing to sue under the Unruh Act because the Unruh Act does not apply to alleged discrimination suffered by parties outside California. *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015*): Tat Tohumculuk, A.S. v. HJ Heinz Company*, WL 6070483 at 7 (E.D.Cal. November 13, 2013) ("Plaintiff has not presented any case law, nor is the court aware of any, applying section 51 to alleged discrimination suffered by parties outside California. The Unruh Act, therefore, does not apply."); *Moore v. Greyhound Bus Lines, Inc.,*

---

[5] The DPA substantially overlaps with and compliments the Unruh Act. *Jankey v. Lee*, 55 Cal. 4th 1038, 1044 (2012)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

2018 U.S. Dist. LEXIS 114661, at 4 (S.D. Cal. July 10, 2018) ("jurisdiction of the [Unruh] Act is expressly limited to violations taking place in California, therefore, the 'Act does not apply to this action because the alleged discrimination occurred outside of California (in Denver, Colorado) and it is therefore outside of the extraterritorial reach of the statute.'"); *Keum v. Virgin Am. Inc.*, 781 F.Supp.2d 944, 955 (N.D. Cal. 2011) ("The Unruh Act only applies to discrimination that takes place within California's jurisdiction"); *Loving v. Princess Cruise Lines*, Ltd., 2009 U.S. Dist. LEXIS 130477 (C.D. Cal. Mar. 5, 2009), at 8 ("Plaintiffs' state law claims also do not have extraterritorial reach. It is well-settled that the Unruh Act applies only within California").

The same is true of the DPA. See *Sousanis v. Northwest Airlines*, Inc. et al., 2000 U.S. Dist. LEXIS 23607, 2000 WL 34015861 at 7 (N.D. Cal. Mar. 3, 2000) (concluding that "[t]here is no reason to infer from the language or purpose of Civil Code section 54.1 that it is meant to prohibit discrimination against individuals outside of California."). "Indeed, because other states have their own disability rights laws, the basic principles of federalism prevent the extension of the California protections to people who do not live in California and have not suffered harm in the state." *Crawford v. Uber Techs.*, Inc., No. 17-cv-02664-RS, 2018 U.S. Dist. LEXIS 33778, at *14-15 (N.D. Cal. Mar. 1, 2018). The DPA contains no language that indicates its protections should be extended to individuals in other states, for injuries that took place outside of California.

**4.     Plaintiff's Negligence Claim Should Also Be Dismissed.**

As with the DPA and Unruh claims, this Court has only supplemental jurisdiction over Plaintiff's negligence cause of action. If Plaintiff lacks standing to bring his ADA claim, there is no reason the Court retain jurisdiction over Plaintiff's negligence claim. Concern for judicial economy supports declining jurisdiction. See *Johnson*, 2019 U.S.

## III.     CONCLUSION

For the foregoing reasons, Homestead requests that Plaintiff's Complaint be dismissed in its entirety with prejudice.  It is devoid of case specific information regarding Homestead's property.  He fails to allege how the Homestead call in room reservation procedure is different for persons with disabilities as compared to those with no disabilities. Plaintiff failed to provide this Court with the most relevant exhibit, the alleged "reservation page", the Homestead Website

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Information Request Form.  Homestead's Website cannot be used to make a reservation, which that exhibit would demonstrate. Homestead requires a phone call which Plaintiff failed to do, as implied by his Complaint. (Compl., ¶19-25.)

Plaintiff's standing issues are evident.  Plaintiff never visited Homestead. This District Court has already warned this Plaintiff, in *Strojnik v. IA Lodging Napa First LLC* WL 906722, that "**continued failure to file complaints without case-specific information may subject him to sanctions or a pre-filing order.**" *Strojnik v. IA Lodging Napa First LLC* WL 906722 (N.D. Cal., Feb. 25, 2020).

Dated:       March 13, 2020                    ROPERS, MAJESKI, KOHN & BENTLEY


By:*/s/ David M. McLaughlin*
         DAVID M. McLAUGHLIN
         Attorneys for Defendant
         HOMESTEAD INN, LLC, a California
         Limited Liability Company

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City